# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**60**
**CA 15-01094**
PRESENT: SMITH, J.P., CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

HARRY E. LORENZO, ESQ., PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

HOGANWILLIG, DEFENDANT-RESPONDENT,
AND STEVEN M. COHEN, ESQ., INTERVENOR-RESPONDENT.

---

UNDERBERG & KESSLER LLP, BUFFALO (THOMAS F. KNAB OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

HOGAN WILLIG, PLLC, AMHERST (DIANE R. TIVERON OF COUNSEL), FOR
DEFENDANT-RESPONDENT AND INTERVENOR-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Timothy
J. Walker, A.J.), entered November 17, 2014.  The order, insofar as
appealed from, granted that part of defendant's motion seeking partial
summary judgment dismissing the fifth cause of action in plaintiff's
amended complaint.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs, the motion for partial
summary judgment is denied in its entirety and the fifth cause of
action is reinstated.

Memorandum:  As part of a merger agreement between defendant and
plaintiff's former firm, Lorenzo and Cohen, P.C. (L&C), defendant
agreed to pay plaintiff one third of the net fees, and 50% of the pre-
merger disbursements, arising from "contingency fee related files"
transferred to defendant by L&C on the effective date of the merger,
August 1, 2009.  One such file is that of Lynn DeJac Peters (DeJac),
who had been wrongly convicted of murder.  At the time of the merger,
a wrongful imprisonment claim against New York State and certain state
officials, filed by L&C on behalf of DeJac, was pending in the Court
of Claims (DeJac state action).  In November 2010, after the effective
date of the merger but before defendant was officially substituted as
counsel for DeJac, defendant commenced a civil rights action on behalf
of DeJac in federal court against, inter alia, the County of Erie and
the City of Buffalo (DeJac federal action), which, like the DeJac
state action, sought damages flowing from DeJac's wrongful
imprisonment.

The DeJac state action settled in November 2012, and the State
agreed to pay DeJac $2.7 million.  A dispute arose over the amount of
fees to which plaintiff was entitled from that settlement and from

other files transferred to defendant in the merger.  As a result, plaintiff commenced this action, asserting two causes of action pursuant to Judiciary Law § 475 and two causes of action for breach of contract.  When defendant thereafter indicated to plaintiff that he would not be entitled to fees that might arise from the DeJac federal action, plaintiff amended the complaint to assert a fifth cause of action, seeking a determination that the DeJac federal action was part of a "contingency fee related file" transferred to defendant as part of the merger, and that plaintiff therefore has a lien entitling him to one third of the net fees charged or derived by defendant in the DeJac federal action.  Defendant moved for partial summary judgment seeking, inter alia, dismissal of the amended complaint.  Supreme Court granted the motion in part and dismissed the fifth cause of action, determining that the DeJac federal action was not part of a "contingency fee related file" transferred to defendant pursuant to the merger agreement because the federal action had not been commenced before the date on which L&C's files were transferred to defendant.

We reverse the order insofar as appealed from.  We conclude that defendant failed to establish as a matter of law that the "contingency fee related file" relating to L&C's representation of DeJac does not encompass claims asserted in litigation commenced after the effective date of the merger, including the claims in the DeJac federal action.  The merger agreement directs that, "[o]n all L&C contingency fee related *files* that [defendant] assumes the control of on the date of the merger, [plaintiff] shall have a lien entitling him to the payment of ⅓ of the net fees charged or derived by [defendant] from the proceeds of the settlement or recovery by [defendant] of each contingency fee *claim*" (emphasis added).  Because "[t]he use of different terms in the same agreement strongly implies that the terms are to be accorded different meanings" (*NFL Enters. LLC v Comcast Cable Communications, LLC*, 51 AD3d 52, 60-61; *see Platek v Town of Hamburg*, 24 NY3d 688, 696-697), we conclude that the merger agreement's use of the term "contingency fee claim" in the same paragraph as the term "contingency fee related files" at the very least raises an issue of fact whether the contingency fee related file arising from L&C's representation of DeJac is comprised of multiple claims, i.e., both federal and state claims arising from DeJac's alleged wrongful imprisonment, and thus includes the claims asserted in the DeJac federal action.

Finally, we decline plaintiff's invitation to search the record and grant summary judgment in his favor.

Entered:  February 11, 2016                          Frances E. Cafarell
                                                     Clerk of the Court